UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN L. MEININGER,
as Chapter 7 Trustee of the Estate of
ERIC KORFF,

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　CASE NO.:

RPM LIVING, LLC,

　　　　Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Stephen L. Meininger as Chapter 7 Trustee of the Estate of Eric Korff ("Plaintiff"), by and through undersigned counsel, herby sues RPM Living, LLC ("Defendant") and in support of states as follows:

## PRELIMINARY STATEMENT

1.　Eric Korff ("Korff") filed a petition for Chapter 7 Bankruptcy in the Bankruptcy Court for the Middle District of Florida.　Case No.: 8:25-BK-09832.

2.　As a result of his filing a bankruptcy petition, this claim is considered property of the bankruptcy estate and is being administered by Plaintiff.

1

## NATURE OF ACTION

3.      This is an action for monetary damages, costs, and reasonable attorneys' fees to redress Defendant's violations of Korff's rights under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* ("FCRA") and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA").

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

5.      This Court has supplemental jurisdiction over Plaintiff's claims arising from the FCRA pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

7.      Korff is a resident of Pinellas County, Florida.

8.      Korff worked for Defendant in Pinellas County, Florida.

9.      Defendant is a Foreign Limited Liability Company.

10.     At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Korff were agents and/or employees

2

of Defendant and were at all times acting within the scope and course of their agency and/or employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

11.     At all times during Korff's employment with Defendant, Korff was considered an employee within the meaning of the FCRA and the ADA.

12.     At all times during Korff's employment with Defendant, Defendant was considered an employer within the meaning of the FCRA and the ADA.

13.     Korff was disabled as defined by the ADA during his employment with Defendant and at the time of his termination by Defendant.

14.     Korff had a handicap as defined by the FCRA during his employment with Defendant and at the time of his termination by Defendant.

15.     Defendant knew of Korff's disability and handicap during his employment with Defendant and at the time of Korff's termination by Defendant.

16.     Korff was a qualified individual as defined by the FCRA and the ADA during his employment with Defendant.

**PROCEDURAL REQUIREMENTS**

17.     Korff timely dual-filed a charge (the "Charge") of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

18.     On May 29, 2026, the EEOC issued a Determination and Notice of Rights Letter (the "Letter").

19.     This Complaint was filed within ninety (90) days of receipt of the Letter.

## STATEMENT OF FACTS

20.     Defendant hired Korff on or around May 1, 2023.

21.     Korff was hired as a software support associate.

22.     Over the next several months, Korff received positive performance reviews.

23.     In or around July 2023, Korff sustained a severe concussion and subsequently began having frequent seizures.

24.     In or around September 2023, Korff was diagnosed with Epilepsy.

25.     Epilepsy substantially limited Korff's ability to eat, sleep, speak, breathe, walk, stand, lift, bend, think, concentrate, see, hear, work, read, learn, and communicate.

26.     On or around November 13, 2023, Korff suffered a significant seizure that caused him to go to the emergency room.

27.     On or around November 30, 2023, Korff initially requested leave, from December 14, 2023, through December 18, 2023, as an accommodation for his own disability.

28.    On or around December 6, 2023, Korff spoke with a human resource representative who advised him that he would need accommodation documentation request from his treating physician.

29.    The human resource representative informed Korff that this would affect his attendance record and performance.

30.    Defendant had not made any mention of Korff's performance prior to this ADA accommodation request.

31.    Subsequently, on or around December 8, 2023, Korff's treating physician advised that he take a longer leave, for three weeks, to care for his Epilepsy.

32.    Korff supplied the requested accommodation documentation, leave for three weeks, to Defendant's human resources department on or around December 8, 2023.

33.    Korff exercised leave from December 14, 2023, through January 4, 2024.

34.    Subsequently, Korff contacted his supervisor, Adele Yamada ("Ms. Yamada") to inquire as to what was required for him to return to work.

35.    Korff heard nothing from the Defendant until on or around February 2, 2024, when Ms. Yamada informed Korff that a new person from human resources would be handling his request.

36.    Nearly two weeks later, on or around February 14, 2024, Korff was informed that his position had been eliminated and that Korff was being terminated.

37.    On or around February 16, 2024, two days after Korff's termination, a position with nearly the same identical job description as Korff's position was posted by Defendant for an open position.

38.    Korff has satisfied all conditions precedent, or they have been waived.

39.    Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

## CLAIMS FOR RELIEF
## COUNT I – DISCRIMINATION IN VIOLATION OF THE FCRA

40.    All allegations prior to Count I are realleged and incorporated herein.

41.    At all times relevant to this action, Korff was and is a qualified individual with a handicap within the meaning of the FCRA in that Korff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

42.    Korff had an actual handicap during his employment with Defendant and had an actual handicap at the time of his termination with Defendant

43.    Defendant terminated Korff because of his handicap.

44.    Defendant's termination of Korff because of his handicap constitutes discrimination against Korff with respect to the terms, privileges, conditions of his employment.

6

45. As a direct and proximate cause of Defendant's intentional unlawful termination of Korff, he has suffered damages and Plaintiff is entitled to relief set forth in the Prayer for Relief below.

## COUNT II – FAILURE TO ACCOMMODATE IN VIOLATION OF THE FCRA

46. All allegations prior to Count I are realleged and incorporated herein.

47. At all times relevant to this action, Korff was and is a qualified individual with a handicap within the meaning of the FCRA in that Korff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

48. Korff had an actual handicap during his employment with Defendant and had an actual handicap at the time of his termination with Defendant

49. Korff requested leave as an accommodation due to his own handicap.

50. Defendant failed to return Korff to his position upon returning from leave.

51. By failing to return Korff to his position, and by terminating his employment, Defendant failed to accommodate Korff.

52. As a direct and proximate cause of Defendant's intentional failure to accommodate Korff, he has suffered damages and Plaintiff is entitled to relief set forth in the Prayer for Relief below.

## COUNT III – RETALIATION IN VIOLATION OF THE FCRA

53.    All allegations prior to Count I are realleged and incorporated herein.

54.    Korff engaged in protected activity by requesting a reasonable accommodation.

55.    Defendant retaliated against Korff by failing to return Korff to his position, and by terminating his employment.

56.    As a direct and proximate cause of Defendant's intentional retaliation, Korff has suffered damages and Plaintiff is entitled to relief set forth in the Prayer for Relief below.

## COUNT IV– DISCRIMINATION IN VIOLATION OF THE ADA

57.    All allegations prior to Count I are realleged and incorporated herein.

58.    At all times relevant to this action, Korff was and is a qualified individual with a disability within the meaning of the ADA in that Korff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

59.    Korff had an actual disability during his employment with Defendant and had an actual disability at the time of his termination with Defendant

60.    Defendant terminated Korff because of his disability.

8

61. Defendant's termination of Korff because of his disability constitutes discrimination against Korff with respect to the terms, privileges, conditions of his employment.

62. As a direct and proximate cause of Defendant's intentional unlawful termination of Korff, he has suffered damages and Plaintiff is entitled to relief set forth in the Prayer for Relief below.

### COUNT V – FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

63. All allegations prior to Count I are realleged and incorporated herein.

64. At all times relevant to this action, Korff was and is a qualified individual with a disability within the meaning of the ADA in that Korff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

65. Korff has an actual disability during his employment with Defendant and had an actual disability at the time of his termination with Defendant

66. Korff requested leave as an accommodation due to his own disability.

67. Defendant failed to return Korff to his position upon returning from leave.

68. By failing to return Korff to his position, and by terminating his employment, Defendant failed to accommodate Korff.

9

69.    As a direct and proximate cause of Defendant's intentional failure to accommodate Korff, he has suffered damages and Plaintiff is entitled to relief set forth in the Prayer for Relief below.

## COUNT VI – RETALIATION IN VIOLATION OF THE ADA

70.    All allegations prior to Count I are realleged and incorporated herein.

71.    Korff engaged in protected activity by requesting a reasonable accommodation.

72.    Defendant retaliated against Korff failing to return Korff to his position, and by terminating his employment.

73.    As a direct and proximate cause of Defendant's intentional retaliation, Korff has suffered damages and Plaintiff is entitled to relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

(a)    That process issue and that this Court take jurisdiction over the case;

(b)    Judgment against Defendant in the amount of Korff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, liquidated damages, punitive damages, declaratory relief, injunctive relief and prejudgment interest thereon;

10

(c)    All costs and reasonable attorneys' fees in litigating this matter (including expert fees); and

(d)    For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 8th day of June 2026 by:

**SHRADER MENDEZ**
902 N. Armenia Ave.
Tampa, FL 33609
Phone: (813) 360-1529
Fax: (813) 336-0832

/s/Brian L. Shrader
BRIAN L. SHRADER, ESQ.
Florida Bar No.: 57215
Email: bls@smjustice.com

And

**WOODSIDE LAW, P.A.**
100 S. Ashley Dr.
Suite 600
Tampa, FL 33602
Phone: (866) 316-0555
Fax: (813) 333-9845

/s/Jason B. Woodside
JASON B. WOODSIDE, ESQ.
Florida Bar No.: 104848
Email: jason@woodsidelawpa.com

11